UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------------X
TZVI RICHT,

                              Plaintiff,                               **14 CV 1977**

                                                 **COMPLAINT**

      -against-

THE CITY OF NEW YORK, POLICE OFFICER        **JURY TRIAL DEMANDED**
GRAHAM BRATHWAITE (Shield 18902), POLICE
OFFICER JASON PINERO (Shield 28232), and
SERGEANT CHAD MANZI (Shield 3628).

                           Defendants.
------------------------------------------------------------------------------X

      Plaintiff **TZVI RICHT**, by his attorney, Joel Berger, Esq., for his complaint alleges, upon information and belief, as follows:

### NATURE OF THE ACTION

      1.      This is an action to recover money damages arising out of the violation of plaintiff's rights under the Constitution and laws of the United States and the State of New York, including false arrest, false imprisonment and malicious prosecution, by employees of the New York City Police Department (NYPD),

### JURISDICTION AND VENUE

      2.      This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988, and the First, Fourth, Fifth and Fourteenth Amendments to the Constitution of the United States.

      3.      The jurisdiction of this Court is predicated upon 28 U.S.C. §§ 1331 and 1343.

      4.      Venue is proper in this district pursuant to 28 U.S.C. § 1391 (b).

### PENDENT JURISDICTION

      5.      This Court also has jurisdiction over plaintiff's state law claims, pursuant to its pendent or supplemental jurisdiction as codified in 28 U.S.C. § 1367.

6.     On February 26, 2013, within ninety days after the claims alleged in this complaint arose, a verified Notice of Claim was duly served upon the Comptroller of the City of New York pursuant to General Municipal Law § 50-e.

7.     At least thirty days have elapsed since the service of the Notice of Claim, and adjustment or payment of the claims has been neglected or refused by defendant City of New York.

8.     This action is being commenced within one year and ninety days after the happening of the events upon which the claims are based.

### JURY DEMAND

9.     Plaintiff demands trial by jury in this action.

### PARTIES

10.     Plaintiff Tzvi Richt, age 22, is a first-year student law student at Cardozo Law School of Yeshiva University in Manhattan.  He is an orthodox Jew. He has no criminal record of any kind. He had never been arrested prior to the Incident that is the subject of this lawsuit.

11.     Defendant City of New York is a municipal corporation organized under the laws of the State of New York.   It operates the NYPD, a department or agency of defendant City of New York responsible for the appointment, training, supervision, promotion and discipline of police officers and supervisory police officers, including the individually named defendants herein.

12.     At all times relevant herein, defendant Graham Brathwaite, Shield 18902, was a police officer employed by the NYPD, assigned to the 61st Precinct in Brooklyn, NY.  Defendant Brathwaite has since been transferred to a desk job at the Criminal Justice Bureau, One Police Plaza.     13.

13.     At all times relevant herein, Defendant Jason Pinero, Shield 28232, was a police officer employed by the NYPD, assigned to the 61st Precinct in Brooklyn.

2

14.     At all times relevant herein, defendant Chad Manzi, Shield 3628, was a sergeant employed by the NYPD, assigned to the 61st Precinct in Brooklyn, NY.

15.     At all times relevant herein, defendants Brathwaite, Pinero and Manzi were acting as agents, servants and employees of defendant City of New York and the NYPD.

16.     At all times relevant herein, all defendants were all acting under color of state law.

*FACTS*

17.     On Thursday, December 19, 2013, at approximately 7:45 P.M. or shortly thereafter, in the vicinity of East 16th Street and Kings Highway in Brooklyn, NY, plaintiff Tzvi Richt was illegally arrested and imprisoned by defendant Police Officer Brathwaite.

18.     Defendant Police Officer Pinero participated in the arrest and imprisonment of plaintiff.

19.     Defendant Sergeant Manzi authorized the continued imprisonment of plaintiff at the 61st Precinct and refused to intercede or even to listen to plaintiff's account of the incident.

20.     At the time and place of the Incident, Mr. Richt was returning home after taking a final exam at Cardozo Law School in Manhattan.

21.     Shortly after exiting the subway at the Kings Highway (East 16th Street) station of the B and Q trains, plaintiff observed a police car honking at a vehicle that was parked at a bus stop in front of a Chase Bank.

22.     The driver of the vehicle rushed out of the bank's ATM area, got into his vehicle and drove away to avoid being issued a summons -- whereupon the police car promptly pulled into the vacated space and parked in the bus stop.

23.     Brathwaite, an African-American officer in his 30s and Pinero, a young Latino officer,

3

emerged and began heading to a food truck a few feet from the bus stop.

24.     Plaintiff asked the officers whether they thought what they had done was right --

kicking a civilian's car out of a bus stop so that they could park there just to get food.

25.     The question was asked in a normal tone of voice, not yelling or shouting.

26.     Brathwaite took umbrage at Mr. Richt's question and told him to go away.

27.     Plaintiff responded by asking whether he wasn't allowed to ask a question of a police

officer.

28.     At this point Braithwaite demanded that Mr. Richt produce his identification

29.     When plaintiff asked whether he was legally obligated to produce identification under

these circumstances, Brathwaite immediately ordered him to turn around, handcuffed him, and had

him placed in the police car.

30.     Mr. Richt complied with officer's orders and did not resist.

31.     At no time during the incident did plaintiff raise his voice.

32.     Brathwaite drove to the 61st Precinct, with Mr. Richt handcuffed as his prisoner in the

back seat.  Pinero was in the back seat with plaintiff.

33.     At one point Pinero suggested to no avail that Brathwaite let Mr. Richt go, pointing

out that he had not done anything wrong and that Brathwaite had already scared him.

34.     Brathwaite refused Pinero's suggestion that plaintiff be released.

35.     Brathwaite cursed repeatedly at plaintiff on the way to the 61st Precinct, stating words

such as "who the fuck do you think you are" and other curses.

36.     At the 61st Precinct Mr. Richt tried to appeal to the desk sergeant, defendant Manzi,

but  Manzi responded with the same kind of cursing that Brathwaite had engaged in, stating "who the

4

fuck do you think you are" and "it's none of your fucking business," or words to that effect.

37.     At no time did defendant Pinero intercede with Manzi or any other supervisor to have plaintiff released, even though Pinero knew that plaintiff had not violated any laws and that plaintiff's arrest and imprisonment were illegal.

38.     Brathwaite wrote up two summonses charging Mr. Richt with disorderly conduct.

39.     Neither summons states facts sufficient to justify a charge of disorderly conduct.

40.     Brathwaite charged Mr. Richt with violation of PL § 240.20 (6), which provides that a person is guilty of disorderly conduct when, "with intent to cause public inconvenience, annoyance or alarm, or recklessly creating a risk thereof: (6) He congregates with other persons in a public place and refuses to comply with a lawful order of the police to disperse."

41.     Brathwaite's sworn description of the incident does not state that Mr. Richt congregated with anyone else or failed to disperse from within any group of persons.

42.     Brathwaite also charged Mr. Richt with violation of PL § 240.20 (1), which provides that a person is guilty of disorderly conduct when, "with intent to cause public inconvenience, annoyance or alarm, or recklessly creating a risk thereof: (1) He engages in violent, tumultuous or threatening behavior."

43.     Brathwaite's sworn description of the incident does not state that Mr. Richt engaged in any "violent, tumultuous or threatening behavior," and merely alleges that plaintiff asked his question "very belligerently and violently" and "in full view of the public."

44.     Brathwaite's sworn description of the incident does not allege that the interchange caused a crowd to gather or affected the public in any manner.

45.     Even assuming *arguendo* that Mr. Richt raised his voice -- which he denies -- the

summons does not accuse him of causing any public inconvenience, annoyance or alarm or risk thereof.

46.     Brathwaite imprisoned Tzvi Richt in a holding cell at the 61st Precinct for approximately 1½ hours before releasing him with the two bogus summonses.

47.     The summonses required plaintiff to appear in the Summons Part of Criminal Court (346 Broadway in Manhattan) on March 25, 2014.

48.     On or about January 30, 2014, plaintiff went to the Summons Part of Criminal Court and obtained Brathwaite's sworn narratives attempting to justify the summonses.

49.     On or about February 6, 2014, plaintiff returned to Summons Part of Criminal Court and pled not guilty, and the matter was adjourned to March 13, 2014.

50.     On March 13, 2014, Brathwaite failed to appear in Summons Part of Criminal Court.

51.     On March 13, 2014, both summonses were dismissed for failure to prosecute.

52.     On March 13, 2014, the prosecution did not object to the dismissal for failure to prosecute and did not request an adjournment to make an effort to obtain Brathwaite's presence.

53.     Plaintiff has been interviewed by both the Civilian Complaint Review Board and the Integrity Control Lieutenant of the 61st Precinct, and both are actively investigating the incident.

54.     Plaintiff has been traumatized by the incident, suffering psychological and emotional distress.

55.     Applicants for the New York State Bar are required to report any arrests even if the arrests did not result in a conviction, and therefore plaintiff has reason to fear that the arrest may interfere with his ability to secure admission to the Bar when he graduates law school and to obtain employment as an attorney.

### *FIRST CLAIM FOR RELIEF*

56.     Plaintiff repeats and realleges the allegations contained in ¶¶ 1-55.

57.     Defendants, by their conduct toward plaintiff alleged herein, violated plaintiff's rights guaranteed by 42 U.S.C. § 1983, the First, Fourth, Fifth, and Fourteenth Amendments to the Constitution of the United States, and Article I, §§ 1, 5, 6, 11 and 12 of the Constitution of the State of New York.

### *SECOND CLAIM FOR RELIEF*

58.     Plaintiff repeats and realleges the allegations contained in ¶¶ 1-55 and 57.

59.     The acts complained of herein are a direct and proximate result of the failure of the City of New York and the NYPD properly to select, train, supervise, promote and discipline police officers and supervisory officers.

60.     The failure of the City of New York and the NYPD properly to select, train, supervise, promote and discipline police officers and supervisory officers constitutes gross and deliberate indifference to unconstitutional conduct by those officers.

61.     The official policies, practices and customs of the City of New York and the NYPD, alleged in ¶¶ 1-55, 57 and 59-60 violated plaintiff's rights guaranteed by 42 USC § 1983, 1983, the Fourth, Fifth, and Fourteenth Amendments to the Constitution of the United States, and Article I, §§ 1, 5, 6, 11 and 12 of the Constitution of the State of New York.

### *THIRD CLAIM FOR RELIEF*

62.     Plaintiff repeats and realleges the allegations contained in ¶¶ 1-55, 57, and 59-61.

63.     The conduct toward plaintiff alleged herein constituted false arrest, false imprisonment, malicious prosecution, and employee negligence.

64.    The conduct toward plaintiff alleged herein subjected plaintiff, a law student with no prior arrest record, to trauma, shock, debasement, shame, fright, fear, humiliation, embarrassment, loss of freedom, harassment, and physical, psychological and emotional injury, trauma, pain, and suffering.

### FOURTH CLAIM FOR RELIEF

65.    Plaintiff repeats and realleges the allegations contained in ¶¶ 1-55, 57, 59-61, and 63-64.

66.    At all times relevant herein, the individual defendants were on duty and were acting within the scope of their employment as agents, servants and employees of the City of New York, which is therefore responsible for their conduct under common law, state law and Article I, §§ 1, 5, 6, 11 and 12 of the Constitution of the State of New York.

### PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests judgment against defendants as follows:

(a)    Compensatory damages against all defendants, jointly and severally;

(b)    Punitive damages against all individual defendants, jointly and severally;

(c)    Reasonable attorneys' fees and costs pursuant to 42 U.S.C. § 1988; and

(d)    Such other and further relief as this Court deems just and proper.

Dated:   New York, New York
         March 27, 2014

/s/ Joel Berger
**JOEL BERGER**
360 Lexington Avenue, 16th Fl.
New York, New York 10017
(212) 687-1425

**ATTORNEY FOR PLAINTIFF**